ADRIANNA POTTS
Crowley Fleck
490 North 31st Street, Suite 500
Billings, MT 59101 Email: apotts@crowleyfleck.com
Main: 406.252.3441 | Fax: 406.259.4159
Direct: 406.255.7345

Attorney for Federal Express Corporation

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

**LANCE BROADBENT,**
    **Plaintiff,**

v.                        **CASE NO. _____**

**FEDERAL EXPRESS CORPORATION,**
    **Defendant.**

## DECLARATION OF GINA PEHLMAN

My name is Gina Pehlman, and I declare the following:

1.     I am over the age of eighteen years old, and I have personal knowledge of the facts set forth in this Declaration. I give this Declaration voluntarily in support of Federal Express Corporation's Notice of Removal in the above-referenced action, and I testify that the matters set forth in this Declaration are true and correct.

1

2. I am employed by Federal Express Corporation ("FedEx") as a Senior Paralegal in the Legal Department at 3620 Hacks Cross Road, Building B, 3rd Floor, Memphis, Tennessee 38125. I am working with Adrianna Potts, Attorney and local counsel, and Daniel T. French, Lead Counsel (pro hac vice motion to be submitted), on *Lance Broadbent v. Federal Express Corporation.*

3. Federal Express Corporation is incorporated in the state of Delaware and has its principal place of business in the State of Tennessee. Thus, it is a citizen of Delaware and Tennessee for diversity purposes.

4. I am familiar with the Earnings Report regarding employee Lance Broadbent ("Plaintiff"), Employee ID (#167221). The Earnings information about Plaintiff is kept in the course and scope of Defendant's regularly conducted business activities and is attached hereto as Exhibit 1 to this Declaration. The Earnings Report for Plaintiff was requested at the time Defendant received notice of the lawsuit filed by Plaintiff.

5. I certify that Exhibit 1 attached hereto is a true and correct copy of the Plaintiff's Earnings Report from January 2019 through December 2019 (Bates Numbered 14-331 through 14-355) and is maintained with Defendant's Payroll Department.

6. Plaintiff was employed from August 19, 1992 until December 31, 2019. At the time of Plaintiff's termination, he was earning an hourly wage of $29.90.

Plaintiff worked, on average, a 40-hour work week at 52 weeks per year, vacation included, with pay. Based on Plaintiff's employment, he earned $62,192 annually.

7. Assuming trial would take place approximately one year from date Defendant was served notice of Complaint filed, i.e., May 6, 2022, and based on Plaintiff's termination date of December 31, 2019, back pay damages for Plaintiff would be approximately $82,524.

8. Assuming also that Plaintiff would be entitled to front pay damages for a three-year period following trial held one year from service of the Complaint, i.e., May 6, 2025, front pay damages would be approximately $186,576.

9. The majority of the Defendant's hourly employees receive a two percent (2%) raise during October, annually. If we assume Plaintiff would have qualified for annual increases, his future earnings, based on his working 40 hours per week, would increase accordingly, and would, therefore, increase the front pay above $186,576.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed pursuant to 28 U.S.C. § 1746 this the 25th day of May, 2021 in Memphis, Tennessee.

*Gina Pehlman*
Gina Pehlman