Adrianna Potts
CROWLEY FLECK PLLP
490 North 31st Street, Suite 500
Billings, MT 59101
Main: 406-252-3441
Fax: 406-259-4159
E-Mail: apotts@crowleyfleck.com
Attorney for Defendant Federal Express Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **LANCE BROADBENT**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL EXPRESS CORPORATION,**<br><br>**Defendant.** | No.   4:21-cv-00057-BMM-JTJ<br><br>**FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT** |

COMES NOW Defendant, Federal Express Corporation ("FedEx"), and for its Answer to the Complaint filed against it by Lance Broadbent ("Plaintiff") on November 4, 2020, states the following:

1.     FedEx is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has been a resident of Cascade County, Montana, therefore FedEx denies the allegations in Paragraph 1 of the Complaint.

2.     Defendant FedEx admits the allegations contained in Paragraph 2 of the Complaint.

3.     FedEx denies the allegations contained in Paragraph 3 of the Complaint, and affirmatively states that jurisdiction and venue is proper before the United States District Court for the District of Montana, Great Falls Division.

4.     FedEx admits that Plaintiff worked for Defendant for over 27 years but denies the remaining allegations in Paragraph 4 of the Complaint.

5.     FedEx admits the allegations in Paragraph 5 of the Complaint.

6.     FedEx admits that Plaintiff was investigated for allegations of sexual harassment and assault.  FedEx admits that Plaintiff gave a statement during the investigation but the statement was not written or recorded.  FedEx admits that Plaintiff's statement was given weeks after his suspension.  FedEx denies the remaining allegations in Paragraph 6 of the Complaint.

7.     FedEx admits that Plaintiff was terminated based on substantiated allegations of sexual harassment and sexual assault in violation of FedEx's Acceptable Conduct Policy 2-5 and Anti-Harassment Policy 5-55. FedEx denies the remaining allegations in Paragraph 7 of the Complaint.

8.     FedEx admits the allegations contained in Paragraph 8 of the Complaint.

9.     FedEx admits that Plaintiff appealed his termination through FedEx's internal Guaranteed Fair Treatment Process.  FedEx denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.    FedEx is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff denies any wrongdoing, and therefore FedEx denies the allegations in Paragraph 10 of the Complaint.

11.    FedEx denies the allegations contained in Paragraph 11 of the Complaint.

12.    FedEx is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has mitigated his damages, and therefore FedEx denies the allegations in Paragraph 12 of the Complaint.

## COUNT I – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

13.    Defendant incorporates by reference its responses to Paragraphs 1-12 above.

14.    FedEx denies the allegations contained in Paragraph 14 of the Complaint.  FedEx denies that Plaintiff is entitled to the relief sought and denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II – WRONGFUL DISCHARGE FROM EMPLOYMENT

15.    Defendant incorporates by reference its responses to Paragraph 1-14 above.

16.    To the extent Paragraph 16 of the Complaint calls for a legal conclusion, FedEx avers that no answer is required.  FedEx denies the remaining allegations in Paragraph 16 of the Complaint.

17.    FedEx denies the allegations contained in Paragraph 17 of the Complaint.

18.    FedEx denies the allegations contained in Paragraph 18 of the Complaint.

## JURY DEMAND

FedEx denies that Plaintiff is entitled to the relief sought and denies that Plaintiff is entitled to any relief whatsoever.

All allegations of the Complaint which have not been specifically admitted, modified, or denied above are hereby DENIED.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    Defendant avers that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

3.    Defendant avers that to the extent Plaintiff executed an employment

agreement requiring that he bring any action against Defendants within six (6) months of the alleged violations, his claims are barred.

4.     Defendant avers that certain of Plaintiff's claims are barred to the extent that Plaintiff failed to comply with all conditions precedent to the commencement of this action.

5.     Defendant avers that some or all of Plaintiff's claims are barred by the failure to exhaust administrative remedies.

6.     Defendant avers that the employment actions taken with respect to Plaintiff were in compliance with FedEx Policy, and for legitimate, non-discriminatory purposes, and without regard to his race, age, color, national origin, or any other protected classification.

7.     Defendant avers that at all times relevant to this suit Defendants acted with good faith and without malice based upon all relevant facts and circumstances known by the Defendants at the time they acted with regard to Plaintiff; and Defendants had reasonable grounds for believing their actions were not in violation of any law.

8.     Defendant avers that any back pay amounts allegedly owed to Plaintiff must be offset by Plaintiff's interim earnings and/or amounts earnable by Plaintiff with reasonable diligence.

9.     Plaintiff's action and purported damages resulting from the alleged

wrongful acts may be limited by the after-acquired evidence doctrine.

10.    Defendant avers that Plaintiff failed to mitigate his damages, if any.

11.    Defendant avers that any claim for actual and punitive damages is barred because any award of actual and punitive damages would constitute a denial of substantive due process and procedural due process in violation of the Fifth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution and the laws of the State of Montana.

12.    Defendant avers Plaintiff's claim for punitive damages is subject to the cap set forth in Mont. Code Ann. § 27-1-220(3).

13.    Defendant avers this action is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

14.    Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant, that Defendant recover against Plaintiff all costs, expenses and reasonable attorneys' fees incurred by Defendant, and such other and further relief as the Court deems just and proper.

Dated this 27th day of May, 2021.

Respectfully submitted,

FEDERAL EXPRESS
CORPORATION

/s/ Adrianna Potts
Adrianna Potts
Crowley Fleck PLLP
490 North 31st Street, Suite 500
Billings, MT 59101
Main:   406.252.3441
Fax:    406.259.4159
Direct: 406.255.7345
Email: apotts@crowleyfleck.com
Attorney for Federal Express
Corporation